**WOODALL LAW OFFICES**
580 CALIFORNIA STREET, 16TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFFS, AL SMITH AND
JEFFREY HOURCADE AND THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AL SMITH AND JEFFREY HOURCADE, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> v. <br><br> AMERICAN GREETINGS CORPORATION, AN OHIO CORPORATION, <br><br> DEFENDANT. | CASE NO. <br><br> **COMPLAINT FOR FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** <br><br> **CLASS ACTION** <br><br> 1) Failure to Pay Overtime Wages in Violation of FLSA <br> 2) Failure to Pay Minimum Wages in Violation of FLSA <br> 3) Failure to Pay Overtime Wages in Violation of California Law <br> 4) Failure to Pay Minimum Wages in Violation of California Law <br> 5) Failure to Make Payments Within the Required Time in Violation of California Law <br> 6) Failure to Provide Proper Itemized Wage Statements in Violation of California Law <br> 7) Unfair Competition in Violation of California Law <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs, Al Smith and Jeffrey Hourcade on behalf of themselves and others similarly situated, make the following allegations against Defendant, American Greetings Corporation.

## I. NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiffs AL SMITH and JEFFREY HOURCADE (collectively "PLAINTIFFS") bring this collective action and class action against Defendant American Greetings Corporation ("DEFENDANT") for engaging in systematic wage and hour violations. DEFENDANT has failed to pay PLAINTIFFS and other current and former non-exempt employees overtime wages and minimum wages in violation of the California Labor Code, Industrial Welfare Commission Wage Orders (the "IWC Wage Orders") and the Fair Labor Standards Act ("FLSA"), all of which contribute to DEFENDANT'S deliberate unfair competition.  In addition, DEFENDANT has failed to provide PLAINTIFFS and their current and former non-exempt California employees with proper wage statements and failed to pay the same employees all wages due upon their discharge or resignation, in violation of the California Labor Code.

2. On behalf of other current and former non-exempt employees who were employed by DEFENDANT throughout the United States, PLAINTIFFS assert claims for failure to pay overtime and minimum wages as a collective action pursuant to 29 U.S.C. § 216(b). On behalf of other current and former non-exempt employees who were employed by DEFENDANT in California, PLAINTIFFS assert claims for failure to pay minimum and overtime wages, failure to provide proper wage statements, failure to pay all wages due upon their discharge or resignation and unfair competition as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFFS seek all damages, restitution, statutory penalties, civil penalties and other relief to which they and other similarly situated current and former non-exempt employees of DEFENDANT are entitled under the FLSA and California law.

## II. JURISDICTION

3. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C.

1  § 1331 and 29 U.S.C. § 216(b), as PLAINTIFFS assert claims under the FLSA.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the relationship between the federal and state claims is such that they form part of the same case or controversy under Article III of the United States Constitution.

### III.   VENUE

4. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(c)(2), as DEFENDANT is subject to the court's personal jurisdiction and has minimal contacts with this District.  DEFENDANT conducts business by selling goods and employing individuals to provide those goods within the Northern District of California.  In addition, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions underlying the claims in this case occurred in the Northern District of California including, but not limited to, PLAINTIFFS were employed to work, performed work and were not paid wages in the Northern District of California.

### IV.   INTRADISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(d), assignment to the San Francisco Division is appropriate because this action arose and a substantial part of the events and omissions giving rise to the claims occurred in the county of San Francisco and other counties set forth under that rule.

### V.   PARTIES

6. Plaintiff Al Smith is and at all relevant times was a resident of Daly City, California.  From in or about November, 2013 until March, 2014, Plaintiff Al Smith was employed by DEFENDANT and performed services for DEFENDANT in San Francisco, California and surrounding counties including, but not limited to, installation services in different stores that sell DEFENDANT'S greeting cards and other products.  In addition to work performed for DEFENDANT at different stores, Plaintiff Al Smith was required by DEFENDANT to travel between stores.

7. Plaintiff Jeffrey Hourcade is and at all relevant times was a resident of San Bruno,

1  California.  From in or about November, 2013 until April, 2014, Plaintiff Jeffrey
2  Hourcade was employed by DEFENDANT and performed services for DEFENDANT in
3  San Francisco, California and surrounding counties including, but not limited to,
4  installation services in different stores that sell DEFENDANT'S greeting cards and other
5  products.  In addition to work performed for DEFENDANT at different stores, Plaintiff
6  Jeffrey Hourcade was required by DEFENDANT to travel between stores.

7      8.  At all relevant times, PLAINTIFFS were non-exempt employees of
8  DEFENDANT.  Furthermore, PLAINTIFFS are "aggrieved employees" within the
9  meaning of Labor Code § 2699(c) because they were employed by DEFENDANT and
10 suffered the Labor Code violations in common with former or current non-exempt
11 employees of DEFENDANT.

12     9.  At all relevant times, DEFENDANT was a corporation organized under the laws
13 of Ohio with its principal place of business in Ohio.  DEFENDANT was the employer of
14 PLAINTIFFS and other similarly situated current and former non-exempt employees, as
15 defined in the California Labor Code, Industrial Welfare Commission Wage Orders and
16 the FLSA.  On information and belief, DEFENDANT is the world's largest greeting card
17 company, and sells paper greeting cards, electronic greeting cards, party products, and
18 electronic expressive content, among other things.

19                                      **VI.   FLSA COLLECTION ACTION ALLEGATIONS**

20     10.        PLAINTIFFS' claim for failure to pay overtime and minimum wages in
21 violation of the FLSA is brought as a collective action pursuant to 29 U.S.C. § 216(b) on
22 behalf of themselves and other current and former non-exempt employees of
23 DEFENDANT who were employed by DEFENDANT anywhere in the United States
24 (collectively "DEFENDANT'S current and former non-exempt employees").

25     11.        At all relevant times, including the last three years, PLAINTIFFS and other
26 current and former non-exempt employees of DEFENDANT have been similarly situated
27 in that they have not been paid overtime wages for all hours worked in excess of 40 hours
28 per week, and they have not received minimum wages for all hours worked.  At all

1  relevant times, PLAINTIFFS and other current and former non-exempt employees of
2  DEFENDANT have been subjected to DEFENDANT'S common practices, policies,
3  programs, procedures and plans, which have resulted in the willful failure by
4  DEFENDANT to pay minimum and overtime wages in violation of the FLSA.

5      12.    Although the names and addresses of the other current and former non-
6  exempt employees of DEFENDANT are not yet known to PLAINTIFFS, they are readily
7  ascertainable from the records maintained by DEFENDANT.  Notice of this action and
8  the right to "opt-in" as a plaintiff for the purpose of PLAINTIFFS' collective action can
9  be given to the other current and former non-exempt employees via first class mail at
10 their last known address known by DEFENDANT.

11     13.    Attached hereto as Exhibit 1 are the signed consent forms of PLAINTIFFS
12 to be parties to the collective action brought by them under the FLSA.  PLAINTIFFS are
13 informed and believe and thereon allege that, upon being given notice of their rights,
14 many other current and former non-exempt employees of DEFENDANT will likewise
15 consent to join as plaintiffs in the collective action brought by PLAINTIFFS against
16 DEFENDANT.

17                 **VII.   CLASS ACTION ALLEGATIONS**

18     14.    PLAINTIFFS bring their California state law claims on behalf of
19 themselves and all other similarly situated current and former non-exempt employees
20 DEFENDANT who worked in California (collectively, the "Class") as a class action
21 pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The members of the Class
22 belong to the California Class, the Wage Statement Subclass, the Minimum Wage
23 Subclass, the Overtime Wage Subclass, Waiting Time Subclass and/or the UCL Subclass,
24 which are defined as follows:

25     **California Class:**  All persons who, at any time since the date four years before the
26     filing of the complaint in this action ("Relevant Time Period"), were employed by
27     DEFENDANT anywhere in California as non-exempt employees.
28     **Wage Statement Subclass:** All members of the California Class who, during the

applicable limitations period, did not receive accurate itemized wage statements as required by Labor Code § 226.

**Minimum Wage Subclass:** All members of the California Class who, during the Relevant Time Period, did not receive pay sufficient to satisfy minimum wage for all hours worked.

**Overtime Wage Subclass:** All members of the California Class who, during the Relevant Time Period, worked in excess of eight (8) hours per day and/or in excess of forty (40) hours per week, and who did not receive overtime pay at the requisite overtime rates of pay.

**Waiting Time Subclass:** All members of the California Class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**UCL Subclass:** All members of the California Class who, during the Relevant Time Period, are owed restitution in the form of wages earned and unpaid as a result of DEFENDANT'S uniform pay policies and procedures.

15. PLAINTIFFS reserve the right under the Federal Rules of Civil Procedure and other applicable authority to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

16. PLAINTIFFS' California state law claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a. **Numerosity**.  The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to PLAINTIFFS at this time, PLAINTIFFS are informed and believe and thereon allege that there are hundreds or thousands of members in the California Class and each of the subclasses.

b. **Commonality**.  There are questions of law or fact common to Class members.  These common questions include, but are not limited to, the following:

(1) Whether DEFENDANT failed to pay Class members for all hours actually

worked of at least minimum wage;

(2) Whether DEFENDANT failed to pay Class members for all overtime wages at the applicable rates of pay for hours worked in excess of eight (8) hours per day and forty (40) hours per week;

(3) Whether DEFENDANT failed to provide to Class members and maintain for at least three years accurate itemized wage statements, itemizing the correct gross and net wages earned, the correct rates of pay and the correct hours worked at each rate of pay, among other things required by Labor Code § 226;

(4) Whether DEFENDANT failed to pay Class members all wages earned upon their discharge or resignation of employment as required by Labor Code §§ 201-203;

(5) Whether DEFENDANT engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

c. **Typicality.**   PLAINTIFFS are members of the Class, and their claims are typical of the claims of the other Class members who PLAINTIFFS seek to represent. PLAINTIFFS suffered the same kinds of injuries suffered by other Class members and seek the same kind of relief sought by other Class members.

d. **Adequate Representation.**  PLAINTIFFS will adequately and fairly protect the interests of the members of the Class.  PLAINTIFFS have no interests adverse to the interests of the absent Class members.  PLAINTIFFS are represented by legal counsel with substantial class action experience in civil litigation and employment law.

17.     This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated

employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by DEFENDANT'S unlawful practices to effectively pursue recovery of the sums owed to them.

## VIII.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**
**(Violation of 29 U.S.C. §207 et seq.)**

**(By PLAINTIFFS, on behalf of themselves and DEFENDANT'S current and former non-exempt employees)**

18.   PLAINTIFFS incorporate paragraphs 1 through 13 as though fully set forth herein.

19.   At all relevant times, PLAINTIFFS and DEFENDANT'S current and former non-exempt employees were "employees" of DEFENDANT under the FLSA, 29 U.S.C. § 201 et seq, and DEFENDANT was and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA.

20.   Under 29 U.S.C. § 207 et seq., PLAINTIFFS and DEFENDANT'S current and former non-exempt employees were entitled to overtime wages at the rate of 1 and 1.5 times their regular rate for hours worked in excess of 40 per workweek.

21.   DEFENDANT operated under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay PLAINTIFFS and DEFENDANT'S current and former non-exempt employees overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess of forty (40) hours per workweek to which PLAINTIFFS and DEFENDANT'S current and former non-exempt employees are entitled.

22. As a result of DEFENDANT'S unlawful conduct, PLAINTIFFS and DEFENDANT'S current and former non-exempt employees have suffered damages in an amount not yet known, but subject to proof after discovery, to the extent they have not been paid all overtime wages earned.

23. Pursuant to 29 U.S.C. §§ 207, 216 et seq., PLAINTIFFS and DEFENDANT'S current and former non-exempt employees are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees, liquidated damages, and costs of suit, which PLAINTIFFS seek on behalf of themselves and DEFENDANT'S current and former non-exempt employees.  As PLAINTIFFS have not received all records and information from DEFENDANT, the full amount of their unpaid overtime wages is not currently known.  PLAINTIFFS reserve the right to amend the Complaint after additional discovery is conducted regarding the amount of unpaid overtime wages sought.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA
### (Violation of 29 U.S.C. §206 et seq.)

**(By PLAINTIFFS, on behalf of themselves and DEFENDANT'S current and former non-exempt employees)**

24. PLAINTIFFS incorporate paragraphs 1 through 13 and 18 through 23 as though fully set forth herein.

25. Under the FLSA, 29 U.S.C. § 206 et seq., employees are to be paid the minimum wage set forth therein.

26. On information and belief, DEFENDANT willfully paid PLAINTIFFS and DEFENDANT'S current and former non-exempt employees less than minimum wages set forth in the FLSA.

27. In committing the violations of the FLSA as herein alleged, DEFENDANT has knowingly and willfully refused to perform its obligations to compensate PLAINTIFFS and DEFENDANT'S current and former non-exempt employees for all wages earned and all hours worked of at least the minimum wage.  As a direct result,

1  PLAINTIFFS and DEFENDANT'S current and former non-exempt employees have
2  suffered and will continue to suffer, substantial losses related to the use and enjoyment of
3  such compensation, wages and lost interest on such monies and expenses and attorney's
4  fees in seeking to compel DEFENDANT to fully perform its obligation under the FLSA
5  all to their respective damage in amounts according to proof at trial.

6      28.    In relevant part, 29 U.S.C. §§ 206, 216 et seq. provide that any employee
7  receiving less than minimum wage applicable to the employee is entitled to recover in a
8  civil action the unpaid balance of the amount of this minimum wage, including interest
9  thereon, reasonable attorney's fees, and cost of suit, which PLAINTIFFS seek on behalf
10 of themselves and DEFENDANT'S current and former non-exempt employees.

11     29.    Pursuant to 29 U.S.C. § 216 et seq., liquidated damages are available to
12 employees who file an action under 29 U.S.C. § 206 et seq., which PLAINTIFFS seek on
13 behalf of themselves and DEFENDANT'S current and former non-exempt employees.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code §§ 204, 510 and 1198)**

**(By PLAINTIFFS, on behalf of themselves and the California Class)**

18     30.    PLAINTIFFS reallege and incorporate by this reference paragraphs 1
19 though 9 and 14 through 17 as though fully set forth herein.

20     31.    PLAINTIFFS and the California Class members were "non-exempt"
21 employees of DEFENDANTS who did not receive proper protections and benefits of the
22 laws governing payment of overtime wages.

23     32.    During the time of PLAINTIFFS' and the California Class members'
24 employment with DEFENDANTS, they were not exempt from receiving overtime
25 compensation and were entitled to receive overtime compensation under Labor Code §§
26 204, 510, and 1198 and IWC Wage Orders for any and all work performed in excess of 8
27 hours per day, and/or for any and all work performed in excess of 40 hours per week.

28     33.    On information and belief, DEFENDANT knowingly and willfully failed to

1  pay PLAINTIFFS and the California Class members all overtime compensation owed to
2  them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8
3  hours per day and 40 hours per week and during the first 8 hours worked on the seventh
4  day of a workweek; and (b) 2 times their regular rate of pay for all hours worked in
5  excess of 12 hours per day and for any work performed in excess of 8 hours on any
6  seventh day of a workweek.

7  34.  As a direct result, PLAINTIFFS and the California Class members have
8  suffered and continue to suffer, substantial losses related to the use and enjoyment of
9  such wages, lost interest on such wages and expenses and attorney's fees in seeking to
10 compel DEFENDANT to fully perform its obligation under state law, all to their
11 respective damage in amounts according to proof at trial.  PLAINTIFFS, on behalf of
12 themselves and the California Class members, seek to recover in a civil action the unpaid
13 balance of the full amount of the unpaid overtime compensation, including interest
14 thereon, reasonable attorney's fees, and costs of suit, and other remedies provided under
15 the Labor Code.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGES**
**(Violations of Labor Code §§ 1194, 1194.2 and 1197)**

**(By PLAINTIFFS, on behalf of themselves and the California Class)**

35.  PLAINTIFFS reallege and incorporate by this reference paragraphs 1 though 9 and 14 through 17 and 30 through 34 as though fully set forth herein.

36.  Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

37.  On information and belief, DEFENDANT paid PLAINTIFFS and California Class members less than the minimum wage for all hours worked.

38.  As a direct result, PLAINTIFFS and California Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of

such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel DEFENDANT to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial.

39. In relevant part, Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which PLAINTIFFS seek on behalf of themselves and the California Class.

40. Pursuant to Labor Code § 1194.2, liquidated damages are available to employees who file an action under Labor Code §1194, which PLAINTIFFS seek on behalf of themselves and the California Class.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY WAGES WITHIN REQUIRED TIME
### (Violations of Labor Code §§ 201, 202 and 203)

**(By PLAINTIFFS, on behalf of themselves and the California Class)**

41. PLAINTIFFS reallege and incorporate by this reference paragraphs 1 though 9 and 14 through 17 and 30 through 40 as though fully set forth herein.

42. Labor Code § 201 requires DEFENDANT to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  For violation of Labor Code § 201, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

43. Labor Code § 202 requires DEFENDANT to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours notice of intent to quit.

44. On information and belief, DEFENDANT did not provide PLAINTIFFS and California Class members, after their discharge or resignation, with all wages due

and owing including, but not limited to, all regular, minimum and overtime wages by the times specified by Labor Code § 201 or 202.  Consequently, pursuant to Labor Code § 203, DEFENDANT owes PLAINTIFFS and California Class members the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which PLAINTIFFS seek on behalf of themselves and the California Class.

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (Violation of Labor Code § 226)

**(By PLAINTIFFS, on behalf of themselves and the California Class)**

45. PLAINTIFFS reallege and incorporate by this reference paragraphs 1 though 9 and 14 through 17 and 30 through 44 as though fully set forth herein.

46. Labor Code § 226(a) requires that employers, including DEFENDANT, to furnish its employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things

47. On information and belief, DEFENDANT knowingly and intentionally failed to provide PLAINTIFFS and California Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide total hours worked, correct gross and net wages earned, the number of hours worked at the correct hourly rates and the correct hourly rates of pay, among other things.

48. On information and belief, DEFENDANT'S failure to provide a proper writing deprived PLAINTIFFS and California Class members with the ability to know, understand and question the calculation and rate of pay and hours used to calculate the

1  wages paid DEFENDANT.  PLAINTIFFS and California Class members, therefore, had
2  no way to dispute the resulting miscalculation of wages, all of which resulted in an
3  unjustified economic enrichment to DEFENDANT.  DEFENDANT'S failure to provide
4  the proper required writing also required PLAINTIFFS and California Class members to
5  spend and continue to spend attorney's fees and costs to determine the wages owed to
6  them.  As a direct result, PLAINTIFFS and California Class members suffered and
7  continue to suffer, substantial losses related to the use and enjoyment of such wages, lost
8  interest on such wages and expenses and attorney's fees and costs in seeking to gather
9  information and compel DEFENDANT to fully perform their obligation under state law,
10 all to their respective damage in amounts according to proof at trial.

11  49.  Labor Code § 226(e) requires DEFENDANT to pay the greater of all actual
12 damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred,
13 and one hundred dollars ($100.00) per employee for each violation in subsequent pay
14 periods, plus attorney's fees and costs, to PLAINTIFFS and California Class members
15 who were injured by DEFENDANT'S failure to comply with Labor Code § 226(a),
16 which PLAINTIFFS seek on behalf of themselves and the California Class.  The exact
17 amount of the applicable penalty is all in an amount to be shown according to proof at
18 trial.

**SEVENTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Violation of Business and Professions Code § 17200)**

**(By PLAINTIFFS, on behalf of themselves and the California Class)**

23  50.  PLAINTIFFS reallege and incorporate by reference paragraphs 1 though 9
24 and 14 through 49 as though fully set forth herein.

25  51.  California Business & Professions Code § 17200 et seq. prohibits acts of
26 unfair competition, which includes any "unlawful, unfair or fraudulent business act or
27 practice..."  On information and belief, PLAINTIFFS and California Class members, as
28 herein alleged, have suffered and continue to suffer injuries in fact, due to the unlawful

and unfair business practices of DEFENDANT.

52. As alleged herein, DEFENDANT systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked, and failing to provide correct wage statements according to law, all in order to decrease its costs of doing business and increase its profits.

53. On information and belief, at the time that PLAINTIFFS and California Class members were hired, DEFENDANT knowingly, intentionally and illegally misrepresented to each of them conformance with the California Labor Code, FLSA and/or IWC Wage Orders, including proper wage payments required by law.

54. On information and belief, from the time that PLAINTIFFS and California Class members were hired, DEFENDANT failed to comply with the California Labor Code, FLSA and IWC Wage Orders through its actions as herein alleged including, but not limited to its failure to: (1) pay all wages due for all hours worked, including overtime and minimum wages and agreed upon wages, (2) provide accurate itemized wage statements, (3) pay all wages due and owing within the time specified by the Labor Code and FLSA, and (4) pay all accrued wages upon the termination of employment.

55. At all times relevant, on information and belief, DEFENDANT intentionally avoided paying to PLAINTIFFS and California Class members wages and monies and other financial obligations attached thereto, thereby creating for DEFENDANT an artificially lower cost of doing business in order to undercut competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of PLAINTIFFS and California Class members.

56. On information and belief, at all times relevant herein PLAINTIFFS and California Class members relied on and believed DEFENDANT'S representations concerning their conformance with the California and federal wage and hour laws, all to their detriment.

57. On information and belief, as a result of DEFENDANT'S intentional, willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the

1  Labor Code, FLSA and IWC Wage Orders, PLAINTIFFS and California Class members
2  suffered a loss of wages and monies, all in an amount to be shown according to proof at
3  trial.  By violating the foregoing statutes and regulations as herein alleged,
4  DEFENDANT'S acts constitute unfair and unlawful business practices under Business
5  and Professions Code § 17200 et seq.
6      58.     As a result of the unfair and unlawful business practices of DEFENDANT
7  alleged herein, PLAINTIFFS and California Class members are entitled to declaratory
8  relief, disgorgement, and restitution in an amount according to proof.  As private
9  attorneys general under California Civil Code § 1021.5, PLAINTIFFS, on behalf of
10 themselves and California Class members, seek to recover any and all attorney's fees
11 incurred herein.

## PRAYER FOR RELIEF

13     WHEREFORE, PLAINTIFFS, on behalf of themselves and similarly situated
14 current and former non-exempt employees of DEFENDANT, including the California
15 Class, pray for judgment and relief against DEFENDANT as follows:
16     a.   An order certifying that PLAINTIFFS may pursue their FLSA
17 claims against DEFENDANT as a collective action on behalf of other current and former
18 non-exempt employees of DEFENDANT under 29 U.S.C. § 216(b).
19     b.   An order certifying that PLAINTIFFS may pursue their California
20 state law claims against DEFENDANT as a class action on behalf of the California Class,
21 the Wage Statement Subclass, the Minimum Wage Subclass, the Overtime Wage
22 Subclass, Waiting Time Subclass and/or the UCL Subclass under Federal Rule of Civil
23 Procedure 23;
24     c.   An order appointing PLAINTIFFS as Class representatives and
25 appointing PLAINTIFFS' counsel as Class Counsel;
26     d.   For general damages and special damages, including unpaid
27 minimum wages, agreed upon wages and overtime wages;
28     e.   For reasonable attorney fees, cost of suit, and interest to the extent

1  permitted by law, including pursuant to Civil Code § 1021.5, the FLSA and the Labor
2  Code;
3          f.       For liquidated damages pursuant to Labor Code § 1194.2, the FLSA
4  and other provisions in the Labor Code;
5          g.       Penalties under Labor Code sections 226 and 203 and other
6  applicable Labor Code provisions;
7          h.       For restitution, declaratory relief and other relief provided by
8  Business and Professions Code § 17200 et seq., including a declaratory judgment that
9  DEFENDANT has violated Labor Code §§ 201, 202, 203, 226, 510, 1194, 1197 and
10 other provisions of the Labor Code, the FLSA and/or Orders of the Industrial Welfare
11 Commission;
12         i.       For an order requiring DEFENDANT to restore and disgorge all
13 funds to PLAINTIFFS and California Class members acquired by means of any act or
14 practice declared by this Court to be unlawful, unfair or fraudulent and, therefore,
15 constituting unfair competition under Business and Professions Code § 17200 et seq.;
16         j.       For an award of damages in the amount of unpaid compensation
17 including, but not limited to unpaid wages, benefits and penalties according to proof,
18 including interest thereon;
19         k.       For an accounting to determine all money wrongfully obtained and
20 held by DEFENDANT;
21         l.       For pre- and post-judgment interest, and
22         m.       For such other relief as the Court deems just and proper.
23
24 DATE:   JUNE 3, 2014                               WOODALL LAW OFFICES
25
26                                                    BY:   /S/KEVIN F. WOODALL
27                                                          KEVIN F. WOODALL
                                                     ATTORNEYS FOR PLAINTIFFS, AL SMITH,
                                                     JEFFREY HOURCADE AND SIMILARLY
28                                                   SITUATED FORMER AND CURRENT
                                                     EMPLOYEES

**<u>JURY TRIAL DEMANDED</u>**

A jury trial is hereby demanded by Plaintiffs.

DATE:   JUNE 3, 2014               WOODALL LAW OFFICES


BY:  /S/ KEVIN F. WOODALL
             KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFFS, AL SMITH,
JEFFREY HOURCADE AND ALL SIMILARLY
SITUATED FORMER AND CURRENT
EMPLOYEES